IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. K. WADE,<br><br>    Plaintiff,<br><br>  v.<br><br>WOODY GILLILAND, in his individual capacity, WILLIAM SMITHERMAN, in his individual capacity, GEORGIA MARTIN, in her individual capacity, ALICE YOUNG, in her individual capacity, SARAH NELSON, in her individual capacity, KATHY ANN BATISTE, in her individual capacity, and BERLENE ROBERTS, in her individual capacity,<br><br>    Defendants.<br>_____/ | No. C 10-00425 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS** |

**INTRODUCTION**

Defendants Woody Gilliland, William Smitherman, Georgia Martin, Alice Young, Sarah Nelson, Kathyann Batiste, and Berlene Roberts move pursuant to FRCP 12(b)(6) to dismiss all claims made by plaintiff E. K. Wade. Defendants seek to dismiss the claims because of res judicata or claim preclusion. Plaintiff has brought similar claims against defendants, including William Smitherman, in a previous suit in this district (No. C 08-00001 EDL), and they were dismissed with prejudice. For the reasons stated below, defendants' motion to dismiss is **GRANTED.**

**STATEMENT**

Since December 9, 2005, plaintiff E. K. Wade has filed fifteen actions against the United States Department of Labor (DOL) and its employees. Plaintiff claims that during his tenure with defendant DOL, Office of Federal Contract Compliance Programs, Pacific Region, he was discriminated against in his employment based upon race, age, and disability. In the last suit, he asserted claims against each of the individual defendants herein. Plaintiff voluntarily stipulated to the dismissal of those claims with prejudice because they lacked merit. Plaintiff's claims against the DOL in that action were fully dismissed when the DOL was granted summary judgment. Those claims are currently under appeal in the Ninth Circuit.[*]

**ANALYSIS**

In non-diversity cases, federal courts apply federal law to determine the preclusive effect of prior federal court judgments. *Blonder-Tongue Labs. Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 n.12, (1971). The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action. The doctrine prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. It is irrelevant whether the new claims that plaintiff seeks to pursue now were actually pursued in the action that led to the judgment; rather, the question is whether they could have been brought in the previous case. Claim preclusion applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077–78 (9th Cir. 2003).

An identity of claims exists if the claims in the previous suit and the current suit arise from the same nucleus of fact. The claims in this suit arise from the same nucleus of fact as those brought in the previous suit. Each claim is about plaintiff's employment at the DOL, his interactions with his co-workers while employed there and the alleged discrimination that he experienced. Plaintiff now uses a *Bivens* claim to attack the federal employee defendants

---

[*] The appeal was filed on June 11, 2009, with the Ninth Circuit and the appellate case number is 09-16156.

2

individually, but the claims he has made remain centered on the alleged discrimination he faced while employed with defendants. While the plaintiff is correct to point out case law that allows claims to be made under both the Federal Tort Claims Act and *Bivens*, he fails to recognize that the claims could have been raised in the previous suit.

A dismissal with prejudice serves as a final judgment on the merits. In his previous suit, the claims against the individual defendants under 42 U.S.C. 1983 and 1985(3) were all dismissed with prejudice by the court. Plaintiff voluntarily dismissed these claims with prejudice because they lacked merit. That dismissal served as a final judgment on the merits and now precludes plaintiff from filing suit against these same individuals again.

Finally, there is a shared identity of the parties in this suit and the previous one brought by the plaintiff. The individual defendants herein were all named and dismissed as defendants in the last suit. Any claims made in the current suit were made or could have been made previously, and therefore plaintiff's suit cannot continue.

## CONCLUSION

This action is over at the district court level. Plaintiff E. K. Wade's only remedy lies with the Court of Appeals for the Ninth Circuit. He should be mindful of the thirty-day period in which he has time to file for an appeal. For the reasons stated above, all claims are **DISMISSED WITH PREJUDICE.** The Clerk shall **CLOSE** the file.

**IT IS SO ORDERED.**

Dated: June 24, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3