<div style="margin-left: 2em;">United States District Court<br>For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. K. WADE,<br><br>    Plaintiff,<br><br>  v.<br><br>WOODY GILLILAND, in his individual capacity, WILLIAM SMITHERMAN, in his individual capacity, GEORGIA MARTIN, in her individual capacity, ALICE YOUNG, in her individual capacity, SARAH NELSON, in her individual capacity, KATHY ANN BATISTE, in her individual capacity, and BERLENE ROBERTS, in her individual capacity,<br><br>    Defendants.<br>_____/<br>AND ALL RELATED CASES.<br>_____/ | No. C 10-00425 WHA<br><br>**ORDER REQUIRING PREFILING REVIEW** |

     Since December 9, 2005, plaintiff E. K. Wade has filed fifteen actions against the United States Department of Labor (DOL) and its employees. In plaintiff's last suit, with claims similar to those raised in this dispute, summary judgment was granted in favor of the DOL. Currently, plaintiff has an appeal of that decision pending in the Ninth Circuit.[*] All of these

---

    [*] The appeal was filed on June 11, 2009, with the Ninth Circuit and the appellate case number is 09-16156.

1  lawsuits pertain, in one way or another, to allegations of discrimination in connection with the
2  DOL.  The fifteen actions are as follows:

| | |
|---|---|
| C-05-05087 MJJ | *Wade v. Chao, et al.* |
| C-06-00693 MJJ | *Wade v. Chao, et al.* |
| C-06-00710 MJJ | *Wade v. Chao, et al.* |
| C-06-02209 MJJ | *Wade v. Chao* |
| C-06-02592 MJJ | *Wade v. Chao, et al.* |
| C-06-02610 MJJ | *Wade v. Chao* |
| C-08-00001 EDL | *Wade v. Chao, et al.* |
| C-08-00021 EDL | *Wade v. Chao* |
| C-06-04704 WHA | *Wade v. United States* |
| C-06-04725 MJJ | *Wade v. Chao, et al.* |
| C-06-04726 MJJ | *Wade v. United States* |
| C-06-04829 MJJ | *Wade v. Chao, et al.* |
| C-06-05431 MJJ | *Wade v. Chao* |
| C-07-04160 MJJ | *Wade v. Chao* |
| C-10-00425 WHA | *Wade v. Gilliland, et al.* |

This action is one in a series filed by plaintiff alleging discrimination in employment. Plaintiff claims that during his tenure with the DOL, Office of Federal Contract Compliance Programs, Pacific Region, he was discriminated against in his employment based upon race, age, and disability.  Hilda Solis, the Secretary of the DOL moves to declare plaintiff a vexatious litigant and impose a pre-filing screening order on any new action brought by him against the DOL, or related parties arising out of the alleged discrimination he suffered while employed at the DOL.  The All Writs Act, 28 U.S.C. 1651(a) provides district courts with the inherent power to enter prefiling orders against vexatious litigants. *Weissmann v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999).  However, the Ninth Circuit has cautioned that prefiling measures are an extreme remedy that should rarely be used. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).  Nevertheless, "[f]lagrant abuse of the judicial process cannot be tolerated because it

2

1  enables one person to preempt the use of judicial time that properly could be used to consider the
2  meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.  A court may restrict such
3  litigants' future filing of actions or papers provided that it (1) gives the litigant an opportunity to
4  oppose the order before it is entered, (2) creates an adequate record for review, (3) makes
5  substantive findings as to the frivolous or harassing nature of the litigant's actions and (4) drafts a
6  sufficiently tailored order.  *Id*. at 1145–1148*, see also Molski v. Evergreen Dynasty Corp.,*
7  500 F.3d 1047, 1057 (9th Cir. 2007).

8  The DOL and Secretary Solis are not named as defendants in this suit.  Whether they have
9  standing to bring this motion must therefore be addressed.  In *Wilson v. Pier 1 Imports (U.S.) Inc*.,
10  411 F. Supp. 2d 1196 (E.D. Cal. 2002), the court stated that for the defendants to have the
11  standing to bring a similar motion, they must have been subject to the injury of vexatious
12  litigation.  Defendants have to show that they are subject to frivolous lawsuits which would
13  justify their righteous indignation.  *Id*. at 1199.  The DOL has proven the repetitive and frivolous
14  nature of the claims filed by the plaintiff.  The DOL probably does not have standing to bring this
15  suit because they are not named as a defendant.  However, recognizing the numerous and
16  meritless claims of past suits, the Court has the inherent power to enter this prefiling order.

17  On June 24, 2010, plaintiff was given the opportunity to oppose this motion.  Plaintiff did
18  not challenge the motion, and conceded before the Court that he was a vexatious litigant.  He was
19  given sufficient notice before the order was entered.  On May 17, 2010, this case was reassigned
20  to this Court, because plaintiff declined to proceed before a magistrate judge.  Plaintiff has filed
21  two motions which expressly affirmed his status as a vexatious litigant.  "Since Plaintiff lost more
22  than five pro se lawsuits, sued the U.S. Department of Labor, Office of Federal Contract
23  Compliance Programs (DOL/OFCCP) for the same alleged wrong after losing, repeatedly filed
24  meritless papers, and used frivolous tactical devices . . . Plaintiff hereby AFFIRMS Defendant's
25  Motion for Administrative Relief to Declare Plaintiff Vexatious and for a Limited Pre-Filing
26  Screening Order" (Wade Decl. ¶ 2).

27  Furthermore, plaintiff has already been declared a vexatious litigant by Judge Charles
28  Breyer in the Northern District of California for his suits against the Veterans Administration

3

(Brown Decl. ¶ 4, Exh. C).  He has also been warned by Judge Marilyn Hall Patel in an order related to his suits against the DOL that the court would deem him a vexatious litigant if his abuse of the court system were to continue (Brown Decl. ¶ 6, Exh. E).  In a deposition in a previous suit, plaintiff admitted that he had "no factual basis" for his claims and they were "blind speculation" (Brown Decl. ¶¶ 39–40, Exh. I).

This very action shows the frivolousness of plaintiff's claims.  He is suing the same employees of the DOL for claims that lacked merit and were dismissed in his last suit.  The dismissal in that case was with prejudice and plaintiff voluntarily agreed to dismissal because his claims were improper.  Plaintiff was also recently visited by the Department of Justice and the FBI because he sent a threatening email to the assistant U.S. attorney representing the opposition in this case (Dkt. No. 63).  Plaintiff has demonstrated a litigation history against the DOL and related parties that is both frivolous and harassing.

Plaintiff is hereby **ORDERED** to seek leave from this Court before filing any additional complaints against the Department of Labor, any of its employees, or against the United States or any other government official in connection with his disputes with the DOL stemming from his prior employment in the Office of Federal Programs Contract Compliance.  The Clerk of the Court is hereby **ORDERED** to refuse to file any lawsuit brought by plaintiff relating to these same defendants and subjects, absent express written authorization from this Court.

**IT IS SO ORDERED.**

Dated: June 24, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4